UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VICTOR E. GOMEZ,<br><br>        Plaintiff,<br><br>  v.<br><br>CRAIG ESTEY, et al.,<br><br>        Defendants. | Case No. 2:21-cv-01105-RFB-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>Re: ECF No. 1. |

Presently before the Court is Plaintiff Victor Gomez's Application to Proceed *In Forma Pauperis* (ECF No. 1). Attached to Plaintiff's *in forma pauperis* application is a Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1-1).

**I.   *IN FORMA PAUPERIS* APPLICATION**

A complete inmate application to proceed in forma pauperis includes a financial acknowledgment signed by the inmate showing an inability to prepay fees and costs or give security for them, a copy of the inmate's trust account statement for the six months preceding the action, and a financial certificate signed by a prison or jail official authenticating the account statements. 28 U.S.C. § 1915(a). Plaintiff submitted these three documents with his application. ECF No. 1. Therefore, the Court grants Plaintiff's request to proceed *in forma pauperis*.

**II.   SCREENING THE COMPLAINT**

Upon granting a request to proceed in forma pauperis, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Therefore, to survive § 1915(e)(2) review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009). The Court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (internal citation omitted).

When considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Federal Rule of Civil Procedure 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Recitation of the elements of a cause of action alone is insufficient. *Id*. Unless it is clear the complaint's deficiencies cannot be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### III.   DISCUSSION

Plaintiff's Complaint alleges violations of his "right to privacy" against Dotty's Casino employees Craig Estey, Jason Scarale, and Drew Albers (the "Dotty's Defendants"), and his "right to liberty" against Las Vegas Metropolitan Police Officers identified as Officer B. Reed and Officer Knudsod (the "Metro Defendants"). ECF No. 1-1 at 2-3. Plaintiff alleges that on December 11, 2019, following a robbery at Dotty's, security guards Scarale and Albers believed Plaintiff was the culprit (which Plaintiff denies), attached a GPS tracker to his car, and followed him to Big Horn Casino. *Id*. at 4. There, Scarale and Albers, "with the help of the police," detained Plaintiff. *Id*. Albers removed the GPS tracker from Plaintiff's car in front of the police, but the police did not "log their viewing of the incident nor did [they] take the GPS into evidence." *Id*. The police then searched Plaintiff's car, without a warrant or consent, found "nothing they were searching for," and arrested Plaintiff without probable cause. *Id*. at 5. Plaintiff seeks $150 per day for every day he has been held in custody, $5,000,000 for pain and suffering, $10,000,000 in punitive damages, "replacement of all property lost," and an "order barring Dotty's security from 'bugging' cars with 'GPS.'" *Id*. at 8.

1   Plaintiff does not indicate whether he was charged or convicted for the robbery stemming from the search and arrest he discusses in his Complaint. However, a search of Clark County Detention Center's Inmate Directory and cases before the Eighth Judicial District Court show that Plaintiff pleaded guilty to felony burglary stemming from his December 11, 2019 arrest, and will be sentenced on August 18, 2021.[1]

Plaintiff's claims are *Heck*-barred. *Heck v. Humphrey* holds that when a damages claim necessarily implies the invalidity of a plaintiff's conviction or sentence, the claim is not cognizable under 42 U.S.C. § 1983. 512 U.S. 477, 483 (1994). A plaintiff seeking monetary damages for an allegedly unconstitutional conviction or sentence "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486-87. Therefore, the primary question in this case is whether a judgment in favor of Plaintiff would necessarily implicate the validity of his conviction and sentence. *Id.* at 486. If so, "the complaint must be dismissed unless [Plaintiff] can demonstrate that the conviction or sentence has already been invalidated." *Id*.

The Court liberally construes Plaintiff's "right to privacy" and "right to liberty" claims as claims for unlawful search, seizure, and arrest under the Fourth Amendment to the U.S. Constitution. The series of events detailed in Plaintiff's Complaint are the same events that led to his conviction (via guilty plea) for felony burglary. Plaintiff's Complaint clearly seeks to collaterally attack his conviction, which has not been overturned or otherwise invalidated. Plaintiff's § 1983 claim is therefore barred by the rule in *Heck* because a finding in favor of Plaintiff—that he was unlawfully searched and arrested without probable cause—would necessarily imply his conviction or sentence was legally invalid. *See Szajer v. City of Los Angeles*, 632 F.3d 607, 6011 (9th Cir. 2011) (concluding that the plaintiff's claim of an unlawful search was not cognizable because a finding

---

[1] State inmate records and court proceedings are publicly available at clarkcountycourts.us and clarkcountynv.gov. The Court takes judicial notice of inmate records and state court proceedings. Fed. R. Evid. 201(b); *White v. Martel*, 601 F.3d 882, 885 (9th Cir. 2010); *Harris v. City of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record … including documents on file in federal or state courts"); *United States v. Basher*, 629 F.3d 1161, 1165 n.2 (9th Cir. 2011) (courts may take judicial notice of information on government inmate locator websites).

that there was no probable cause for the search would necessarily imply the invalidity of plaintiff's conviction for felony possession of a firearm); *Whitaker v. Garcetti*, 486 F.3d 572, 584 (9th Cir. 2007) (finding that plaintiff's challenge to illegally obtained wiretap warrants was barred by *Heck*); *Anderson v. Valenzuela*, Case No. 17-cv-02070-APG-NJK, 2018 WL 3433296, at *2 (D. Nev. June 14, 2018) (finding an unlawful arrest claim barred by *Heck*), *report and recommendation adopted*, 2018 WL 3429656 (D. Nev. July 16, 2018).

If Plaintiff wishes to pursue claims challenging the search and arrest that led to his conviction, he may only do so through a petition for habeas corpus under 28 U.S.C. § 2254.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF No. 1-1) be dismissed without prejudice as barred by *Heck v. Humphrey*.

IT IS FURTHER RECOMMENDED that the Clerk of Court send Plaintiff a copy of instructions pertaining to filing a habeas corpus petition so that, if he so chooses, Plaintiff may commence a new claim under 28 U.S.C. § 2254.

Dated this 4th day of August, 2021.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).